IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MUTUAL OF OMAHA INSURANCE COMPANY, a Nebraska corporation<br><br>Plaintiff,<br><br>v.<br><br>COURISTAN, INC., a New York corporation<br><br>Defendant | Case No.<br><br>**COMPLAINT FOR SERVICE MARK AND TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DECEPTIVE TRADE PRACTICES, AND SERVICE MARK AND TRADEMARK DILUTION**<br><br>**(Demand for Jury Trial)** |

COMES NOW Plaintiff Mutual of Omaha Insurance Company, and for its complaint against Defendant Couristan, Inc., hereby alleges as follows:

### THE PARTIES

1.  Plaintiff Mutual of Omaha Insurance Company ("Mutual of Omaha") is a Nebraska corporation having its principal place of business at Mutual of Omaha Plaza, Omaha, Nebraska 68175.

2.  Upon information and belief, Defendant Couristan, Inc. ("Couristan") is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 2 Executive Drive, Fort Lee, New Jersey 07024.

3.  Upon information and belief, Couristan transacts business within this judicial district with and through dealers such as The Rug Shop, located at 9002 L Street, Omaha, Nebraska 68127 and Floor Club of Omaha, located at 3604 S. 138th Street, Omaha, Nebraska 68144.

## JURISDICTION AND VENUE

4. This is an action for service mark and trademark infringement, unfair competition, deceptive trade practices, and service mark and trademark dilution arising under the Federal Trademark Act, 15 U.S.C. § 1051 *et seq.*, and the statutes and common law of the State of Nebraska. The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000, and arises in part under the laws of the United States.

5. This Court has jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367 and has personal jurisdiction over Couristan pursuant to Neb. Rev. Stat. §§ 25-536(1)(a), (b), (c), and/or (d) based on Couristan's transaction of business and causation of tortuous injury in this jurisdiction, as alleged herein.

6. Venue is proper in the United States District Court for the District of Nebraska pursuant to 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND FACTS COMMON TO ALL COUNTS

7. For many years prior to the acts complained of herein, Mutual of Omaha has been continuously engaged in the business of providing a variety of insurance and financial services to the general public. Mutual of Omaha has had a long-standing commitment to serving the public, its policy owners, and to promoting wildlife conservation.

8. As part of its commitment to wildlife conservation, in 1963, Mutual of Omaha developed and sponsored the WILD KINGDOM television program, which relates to and promotes wildlife conservation. The WILD KINGDOM television program has been watched by many millions of viewers, introducing them to the importance of preserving wildlife by capturing and documenting the struggle for survival in nature.

9. Over the years, Mutual of Omaha's WILD KINGDOM television program has received numerous awards, including several Emmy Awards, Certificates of Recognition from the American Council for Better Broadcast, and a PTA Family Viewing Recognition Award.

10. Since 1963, Mutual of Omaha has spent in excess of one hundred million dollars ($100,000,000) developing and promoting its WILD KINGDOM television program and wildlife conservation and in related advertising expenditures.

11. For many years prior to the acts complained of herein, Mutual of Omaha has used the mark WILD KINGDOM on a variety of collateral products related to its WILD KINGDOM television program, including but not limited to calendars, pencils, t-shirts, jackets, watches, coffee mugs, notepads, DVDs, trinkets, and stuffed animals. Some of these products, such as DVDs, are available for purchase directly by the general public, while other products are available for purchase by Mutual of Omaha's employees and independent insurance agents, who in turn distribute such products to the general public.

12. In addition, since 1999, Mutual of Omaha has promoted the WILD KINGDOM program on its website *www.wildkingdom.com*, and more recently has come out with a wild animal adventure app called MY WILD KINGDOM, which is downloadable from Apple's App Store.

13. As a result of the long period of time the WILD KINGDOM program has been aired, the excellence and popularity of that program, and the extensive advertising and promotion of that program, the WILD KINGDOM mark has become famous and is well-known to the public as a distinctive identification of Mutual of Omaha and its goods and services.

14. Mutual of Omaha is the owner of the mark WILD KINGDOM and has continuously used that mark for a television program dealing with the conservation of wildlife,

as well as the rendering and promotion thereof, in interstate commerce since at least as early as 1963. The WILD KINGDOM mark is the subject of U.S. Registration No. 954,229, which was issued by the U.S. Patent and Trademark Office on February 27, 1973, for "entertainment services – namely, a television program dealing with conservation of wildlife." Mutual of Omaha is the owner of this valid, subsisting, and incontestable registration. A true copy of U.S. Registration No. 954,229 is attached hereto as Exhibit A.

15. As noted above, Mutual of Omaha also uses the WILD KINGDOM mark on a wide variety of collateral products which have been used to promote the WILD KINGDOM television program and its commitment to wildlife preservation, including but not limited to calendars, pencils, t-shirts, jackets, watches, coffee mugs, notepads, DVDs, trinkets, and stuffed animals. Mutual of Omaha has continuously used the WILD KINGDOM mark for such collateral products, in interstate commerce, since their introduction, which for some products dates back at least as early as 1963.

16. Mutual of Omaha is the owner of valid, subsisting, and incontestable U.S. Registration No. 2,866,922, which the U.S. Patent and Trademark Office granted to Mutual of Omaha on July 27, 2004, for the trademark WILD KINGDOM, as used in connection with "printed materials and accessories namely calendars, bookmarks, maps, posters, pens, pencils and erasers." A true copy of U.S. Registration No. 2,866,922 is attached hereto as Exhibit B.

17. Mutual of Omaha is the owner of valid, subsisting, and incontestable U.S. Registration No. 2,891,341, which the U.S. Patent and Trademark Office granted to Mutual of Omaha on October 5, 2004, for the trademark WILD KINGDOM, as used in connection with "plush toys." A true copy of U.S. Registration No. 2,891,341 is attached hereto as Exhibit C.

18. Mutual of Omaha is the owner of valid, subsisting, and incontestable U.S. Registration No. 2,908,519, which the U.S. Patent and Trademark Office granted to Mutual of Omaha on December 7, 2004, for the trademark WILD KINGDOM, as used in connection with "clothing, namely t-shirts, golf shirts, outerwear, hats, jackets, button-down shirts, shorts, sweatshirts and tank tops." A true copy of U.S. Registration No. 2,908,519 is attached hereto as Exhibit D.

19. Mutual of Omaha is the owner of valid, subsisting, and incontestable U.S. Registration No. 3,333,362, which the U.S. Patent and Trademark Office granted to Mutual of Omaha on November 13, 2007, for the trademark WILD KINGDOM, as used in connection with "DVDs featuring television show episodes." A true copy of U.S. Registration No. 3,333,362 is attached hereto as Exhibit E.

20. The WILD KINGDOM marks that Mutual of Omaha has used over the years and that are the subject of U.S. Registration Nos. 954,229, 2,866,922, 2,891,341, 2,908,519, and 3,333,362 are referred to herein collectively as "the WILD KINGDOM Mark."

21. Long after Mutual of Omaha began using the WILD KINGDOM Mark and obtained registrations therefor, Couristan began using the identical designation WILD KINGDOM as a trademark for a collection of carpets, without Mutual of Omaha's authorization.

22. Upon information and belief, Couristan's WILD KINGDOM carpet collection is being offered for sale and/or sold within this judicial district.

23. Couristan's website *www.couristan.com* describes the WILD KINGDOM carpet collection as a "safari-inspired residential carpet line" that showcases "three different animal patterns titled Uganda, Namibia and Nairobi." True and correct printouts from Couristan's

website featuring the WILD KINGDOM carpet collection are attached hereto as Exhibit F and made a part hereof.

24. Mutual of Omaha became aware of Couristan's use of the WILD KINGDOM designation on or around January 30, 2013. Mutual of Omaha promptly objected to Couristan's use of such designation in a letter dated February 7, 2013, and demanded that Couristan immediately discontinue its use of the designation. Couristan has refused Mutual of Omaha's demand and continues to use the WILD KINGDOM designation in willful disregard of Mutual of Omaha's rights, thereby causing Mutual of Omaha to suffer immediate and irreparable injury, for which it has no adequate remedy at law.

## Count I

## SERVICE MARK AND TRADEMARK INFRINGEMENT

25. Couristan has engaged and continues to engage in acts of service mark and trademark infringement under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law, and Mutual of Omaha incorporates paragraphs l through 24 of the complaint as if fully set forth herein.

26. U.S. Registration Nos. 954,229, 2,866,922, 2,891,341, 2,908,519, and 3,333,362 are prima facie evidence of the validity of the WILD KINGDOM Mark and provide constructive notice of Mutual of Omaha's ownership thereof, as provided by §§ 7(b) and 22 of the Federal Trademark Act, 15 U.S.C. §§ 1057(b) and 1072. Moreover, since U.S. Registration Nos. 954,229, 2,866,922, 2,891,341, 2,908,519, and 3,333,362 have become incontestable, these registrations are conclusive evidence of the validity of the WILD KINGDOM Mark, of Mutual of Omaha's ownership of the WILD KINGDOM Mark, and of Mutual of Omaha's exclusive

right to use the WILD KINGDOM Mark in commerce, as provided by §§ 15 and 33(b) of the Federal Trademark Act, 15 U.S.C. §§ 1065 and 1115(b).

27. Notwithstanding Mutual of Omaha's prior-established, exclusive rights in the WILD KINGDOM Mark, Couristan is currently marketing and selling a collection of carpets under the WILD KINGDOM designation.

28. Like Mutual of Omaha's entertainment services and collateral merchandise provided under the WILD KINGDOM Mark, Couristan's WILD KINGDOM carpet collection features a wild animal theme. The parties' respective goods and services are each provided to the general public.

29. Couristan's use of the WILD KINGDOM designation in connection with its carpet collection is likely to cause the public to believe, contrary to fact, that the carpet collection emanates from and/or is sponsored or otherwise approved by Mutual of Omaha, and/or that Mutual of Omaha is somehow connected to or affiliated with the carpet collection. Accordingly, Couristan's use of the WILD KINGDOM designation infringes Mutual of Omaha's exclusive rights in the WILD KINGDOM Mark under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law.

30. Upon information and belief, Couristan's use of the WILD KINGDOM designation has been in knowing and willful disregard of Mutual of Omaha's rights.

31. Unless enjoined by this Court, Couristan will continue to infringe the WILD KINGDOM Mark, thereby deceiving the public and causing Mutual of Omaha to suffer immediate and irreparable injury, for which it has no adequate remedy at law.

### Count II

### UNFAIR COMPETITION

32. Couristan has engaged and continues to engage in acts of unfair competition under § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), and at common law, and Mutual of Omaha incorporates by reference paragraphs 1 through 31 of the complaint as a part of this count.

33. Couristan's use of the WILD KINGDOM designation in the manner alleged herein constitutes a false designation of origin within the meaning of § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, and/or association of Couristan with Mutual of Omaha, and/or as to the origin, sponsorship, and/or approval of Couristan's WILD KINGDOM carpet collection by Mutual of Omaha. Such false designation of origin is material and is likely to influence consumer purchasing decisions.

34. Mutual of Omaha has no control over the nature and quality of the carpets produced and sold by Couristan under the WILD KINGDOM designation. Any dissatisfaction with Couristan's WILD KINGDOM carpet collection will reflect adversely on Mutual of Omaha as the believed origin, sponsor, or approver thereof, hampering efforts by Mutual of Omaha to continue to protect its outstanding reputation for high quality products and services, all to the irreparable harm of Mutual of Omaha.

35. Further, Couristan's use of the WILD KINGDOM designation in the manner alleged herein unfairly trades and free-rides on the goodwill and reputation that Mutual of Omaha has developed in the WILD KINGDOM Mark and the goods and services associated

therewith. Such conduct constitutes unfair competition and is causing Mutual of Omaha to suffer immediate and irreparable injury, for which it has no adequate remedy at law.

36. Upon information and belief, Couristan's use of the WILD KINGDOM designation has been in knowing and willful disregard of Mutual of Omaha's rights.

37. Unless enjoined by this Court, the Defendants will continue to engage in acts of unfair competition, thereby deceiving the public and causing Mutual of Omaha to suffer immediate and irreparable injury, for which it has no adequate remedy at law.

### Count III

### DECEPTIVE TRADE PRACTICES

38. Couristan has engaged and continues to engage in deceptive trade practices in violation of the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301 et. seq. and Mutual of Omaha incorporates by reference paragraphs 1 through 37 of the complaint as if fully set forth herein.

39. Couristan's use of the WILD KINGDOM designation in the manner alleged herein constitutes a false, misleading, and deceptive trade practice within the meaning of § 87-302 of the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301 et seq., which is likely to cause confusion or misunderstanding as to the source, sponsorship, and/or approval of Couristan's WILD KINGDOM carpet collection. Such likelihood of confusion or misunderstanding as to source, sponsorship, and/or approval is material and is likely to influence consumer purchasing decisions.

40. Upon information and belief, Couristan's use of the WILD KINGDOM designation has been in knowing and willful disregard of Mutual of Omaha's rights.

41. Unless enjoined by this Court, Couristan will continue to engage in deceptive trade practices, thereby deceiving the public and causing Mutual of Omaha to suffer immediate and irreparable injury, for which it has no adequate remedy at law.

### Count IV

### SERVICE MARK AND TRADEMARK DILUTION

42. Couristan is engaged in acts of service mark and trademark dilution in violation of § 43(c) of the Federal Trademark Act, 15 U.S.C. §§ 1125(c), and the Nebraska Trademark Registration Act, Neb. Rev. Stat. § 87-126 et. seq., and Mutual of Omaha incorporates by reference paragraphs 1 through 41 of the complaint as if set forth fully herein.

43. By virtue of Mutual of Omaha's long and extensive broadcast of the WILD KINGDOM program, use of the WILD KINGDOM mark on collateral products, and extensive advertising conducted in connection with that program and the WILD KINGDOM Mark, and given the numerous awards the WILD KINGDOM program has garnered over the years, the WILD KINGDOM Mark had become famous and entitled to protection against dilution long prior to Couristan's first use of the WILD KINGDOM designation for its carpet collection.

44. Indeed, upon information and belief, Couristan adopted the designation WILD KINGDOM for its carpet collection because Mutual of Omaha's WILD KINGDOM Mark had become so famous.

45. Couristan's use of the WILD KINGDOM designation is likely to impair the distinctiveness of the WILD KINGDOM Mark by causing the public to associate the WILD KINGDOM Mark with Couristan's carpet collection, instead of associating it exclusively with the goods and services provided by Mutual of Omaha under the WILD KINGDOM Mark.

46. Couristan's use of the WILD KINGDOM designation is also likely to harm the reputation of Mutual of Omaha because Couristan's WILD KINGDOM carpets admittedly are made to look like animal skins. While Couristan's carpets are not believed to be made from actual animal skins, they nevertheless contribute to the trend of using actual or faux animal skins for purposes of home decor, which is inconsistent with Mutual of Omaha's commitment to wildlife conservation.

47. Accordingly, Couristan's use of the WILD KINGDOM designation in connection with its carpet collection is likely to cause dilution by blurring and/or dilution by tarnishment of the famous WILD KINGDOM Mark in violation of § 1125(c) of the Federal Trademark Act, 15 U.S.C. §§ 1125(c), and Nebraska Trademark Registration Act, Neb. Rev. Stat. § 87-140, thereby damaging Mutual of Omaha.

48. Upon information and belief, in adopting and using the WILD KINGDOM designation, Couristan willfully intended to trade on the reputation of the WILD KINGDOM Mark and the goods and services associated therewith and/or cause dilution of the WILD KINGDOM Mark.

49. Unless enjoined by this Court, Couristan will continue its acts of service mark and trademark dilution, thereby causing Mutual of Omaha to suffer immediate and irreparable injury for which it has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Mutual of Omaha respectfully prays that:

A. The Court enter judgment that Couristan has engaged in acts of service mark and trademark infringement in violation of § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law; has engaged in acts of unfair competition under § 43(a) of the

Federal Trademark Act, 15 U.S.C. § 1125(a), and at common law; has engaged in deceptive trade practices under the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301 et seq.; has engaged in service mark and trademark dilution under § 43(c) of the Federal Trademark Act, 15 U.S.C. § 1125(c), and the Nebraska Trademark Registration Act, Neb. Rev. Stat. § 87-140; and has otherwise injured Mutual of Omaha in the manner complained of herein; and that Couristan's actions in these regards have been willful.

B.  The Court order that Couristan and each of its subsidiaries, agents, employees, sales representatives, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, be preliminarily and permanently enjoined from:

(i)  using the designation WILD KINGDOM or any other trademark, service mark, trade name, or designation that is confusingly similar to the WILD KINGDOM Mark;

(ii)  using the designation WILD KINGDOM in any manner that confuses, misleads, or deceives or is likely to confuse, mislead, or deceive the public;

(iii)  otherwise infringing the WILD KINGDOM Mark;

(iv)  otherwise diluting the distinctive qualities of the WILD KINGDOM Mark; and

(v)  competing unfairly with Mutual of Omaha or otherwise injuring Mutual of Omaha in the manner complained of herein.

C.  The Court order that Couristan be required to pay to Mutual of Omaha compensatory damages, with interest, in an amount to be determined at trial for Couristan's acts of service mark and trademark infringement, unfair competition, deceptive trade practices, and service mark and trademark dilution, and that such damages caused by Couristan's acts of service mark and trademark infringement, unfair competition, deceptive trade practices, and

service mark and trademark dilution be trebled in accordance with § 35(a) of the Federal Trademark Act, 15 U.S.C. § 1117(a).

D. The Court order that Couristan be required in equity to account for and pay to Mutual of Omaha the profits realized by Couristan which are attributable to its acts of service mark and trademark infringement, unfair competition, deceptive trade practices, and service mark and trademark dilution, and that said profits be trebled.

E. The Court order, pursuant to § 36 of the Federal Trademark Act, 15 U.S.C. § 1118, that Couristan be directed to destroy all advertisements, brochures, literature, labels, signs, prints, packages, merchandise, decals, and other materials in its possession, custody, or control that bear or are labeled with the designation WILD KINGDOM.

F. The Court order that Couristan be required to pay to Mutual of Omaha the costs of this action and Mutual of Omaha's reasonable attorneys' fees, in accordance with § 35 of the Federal Trademark Act, 15 U.S.C. § 1117(a), and the Nebraska Uniform Deceptive Trade Practices Act and Trademark Registration Act.

G. The Court order Mutual of Omaha be granted such other, different, and additional relief as this Court deems equitable and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Nebraska Local Civil Rule 38.1, Mutual of Omaha hereby demands trial by jury as to all issues so triable in this civil action.

Dated this 17th day of April, 2013.

MUTUAL OF OMAHA INSURANCE COMPANY, Plaintiff

By: /s Todd C. Kinney
John P. Passerelli #16018
Todd C. Kinney #21960
KUTAK ROCK, LLP
1650 Farnam Street
Omaha, NE 68102-2186
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
John.passerelli@kutakrock.com

Edmund J. Haughey (*pro hac vice* application forthcoming)
FITZPATRICK, CELLA, HARPER & SCINTO
975 F Street, NW
Washington, DC 20004-1454
Telephone: (202) 530-1010
Facsimile: (202) 530-1055
ehaughey@fchs.com